UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK JONES,** : | |
| **Petitioner** : | **CIVIL ACTION NO. 3:13-3105** |
| v. : | |
| | **(Judge Mannion)** |
| **WARDEN J.E. THOMAS** : | |
| **Respondent** : | |

## MEMORANDUM

Petitioner, Patrick Jones, an inmate currently confined in the United States Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1, petition). He challenges his conviction and sentence, two incident reports and his subsequent placement in the Special Management Unit ("SMU") at USP-Lewisburg. Id. For relief, Petitioner seeks to have the incident reports expunged, his conviction and sentence vacated, to be immediately transferred out of the SMU and released from prison. Id. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

## I.      Background

On October 2, 2003, Petitioner was sentenced in the United States

District Court for the Western District of Texas to a term of life in prison for knowingly and/or intentional manufacture, distribution, or possession with intent to manufacture, distribute, or dispense a controlled substance in violation of 21 U.S.C. §841(A)(1). See United States v. Jones, Criminal No. 6:02-cr-0193-WSS (U.S.D.C. W.D. Texas (Waco)). Petitioner's conviction and sentence were affirmed on appeal, and his petition for rehearing was denied on October 18, 2004. Id. He did not file an application for a *writ of certiorari*. Id.

On January 23, 2006, Petitioner filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255. Id.

By Order dated May 4, 2007, Petitioner's §2255 motion was denied. Id. Petitioner filed an appeal of the denial of his §2255 motion, which was dismissed on March 13, 2008, for want of prosecution; specifically, Petitioner failed to timely file a motion for certificate of appealability and brief in support and to pay the docketing fee. Id.

At separate disciplinary hearings held on June 5, 2013 and July 24, 2013, Petitioner was found guilty of the same act, Possession, Manufacture or Introduction of a Weapon, a code 104 violation, and was sanctioned to thirty (30) days disciplinary segregation and six (6) months loss of telephone

privileges at the June 5, 2013 hearing (see Doc. No. 9-2 at 25-29, Disciplinary Hearing Officer Report), and to forty-five (45) days disciplinary segregation and six (6) months loss of commissary privileges at the July 24, 2013 hearing. (See Doc. No. 9-2 at 37-40, Disciplinary Hearing Officer Report).

Due to his disciplinary record, including the two weapons violations, Petitioner was referred for designation to a SMU, and for a hearing to be held to determine whether his disciplinary history and behavior met the established criteria for designation to an SMU. (See Doc. No. 9-2 at 41, Hearing Referral for Designation to a Special Management Unit).

On October 1, 2013, Petitioner appeared, via video-conference, at his referral hearing, where it was recommended that he be designated to an SMU. (Doc. No. 9-2 at 45-48, Hearing Administrator's Report on Referral for Designation to a Special Management Unit). He was then transferred to the USP-Lewisburg SMU in November, 2013. (Doc. No. 1 at 1, petition).

**II.     Discussion**

   **A.     Challenge to Conviction and Sentence**

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28

U.S.C. §2255; United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Jones clearly maintains that his federal conviction violates his constitutional rights. Petitioner claims, *inter alia*, that he was "never charged with, nor indicted for, nor presented a defense to, nor was he found guilty of by a jury beyond a reasonable doubt, nor never had a trial for the charge of 'Conspiracy/Distribution of over 1.5 kilograms, but less than 4.5 kilograms of crack cocaine from February 2002 thru October 2002 - 3 counts'" and "at no time did Petitioner waive any of his rights in the matter." (Doc. No. 1 at 5, Complaint). Thus, Petitioner claims that he is actually innocent of this offense. Id.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention".

A motion under §2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a

4

Case 3:13-cv-03105-MEM-DB   Document 14   Filed 07/07/14   Page 5 of 12

Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful §2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held as to issues cognizable by the sentencing court under §2255, a motion under §2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on §2255

5

Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful §2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held as to issues cognizable by the sentencing court under §2255, a motion under §2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on §2255

proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Jones has not met this burden.

As recognized in Dorsainvil, a federal prisoner can pursue relief under §2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251. See also Okereke, 307 F.3d at 120-121 (§2241 may not be used to raise an Apprendi claim that is barred by the procedural limitations imposed by the AEDPA); United States v. Brooks, 230 F.3d 643 (3d Cir. 2000); Kinder v. Purdy, 222 F.3d 209, 211 (5th Cir. 2000) (holding §2241 may not be used to challenge a determination that the prisoner was a career offender under U.S.S.G. §4B1.1 where subsequent statutory interpretation revealed that the conduct at issue could not support a finding that the prisoner was a career offender); Mendez, 167 F. Supp. 2d at 726-27.

However, the ruling in Dorsainvil does not benefit Jones, who has not

claimed that he was convicted for conduct that is now recognized as not being criminal. Jones' claim, to the contrary, is, essentially, that he is "actually innocent" of his conviction. Pursuant to Dorsainvil, 119 F.3d 245, however, the type of "actual innocence" claim that permits an inmate to attempt to seek §2241 relief is limited to a claim that the conduct for which the inmate was convicted is no longer criminal. Therefore, because Jones fails to meet the limited exception recognized in Dorsainvil, this Court should dismiss the Petition for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

Although Jones has filed a prior motion pursuant to §2255 in the United States District Court for the Western District of Texas, there is no record that he has requested permission from the United States District Court of Appeals for the Fifth Circuit for leave to file a successive petition. Thus, there remains that possibility that Jones would be granted permission by the Fifth Circuit Court of Appeals to file a successive §2255 motion, if appropriate. Consequently, the Court will dismiss Jones' petition for a writ of habeas corpus under 28 U.S.C. §2241, without prejudice, to Petitioner requesting leave to file a second or successive §2255 motion.

**B.     Challenge to Incident Reports**

Jones fails to make a cognizable due process claim as the disciplinary

sanctions he received do not implicate any liberty interest that is protected by the Due Process Clause. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir.2002)) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time). To invoke the Due Process Clause, Petitioner must first identify a liberty interest that has been violated. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good-conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In the present petition, Jones does not allege he lost any good-time credits. The copy of the Disciplinary Hearing Officers' Reports ( Doc. No. 9-2 at 25-29, 37-40) confirm that he did not lose any good-time conduct. His disciplinary infractions resulted only in a temporary change in his security level (his placement in disciplinary segregation), and the temporary loss of commissary, and telephone privileges, none of which implicate a protected liberty interest as they do not result in any atypical or significant hardships in relation to the ordinary incidents of prison life. See, e.g. Gray v. Holt, No. 1:11–CV–1278, 2011 WL 4738118 (M.D.Pa. Oct.6, 2011); Santos v. Bureau

of Prisons, No. 1:05–cv–008, 2006 WL 709509, at *3 (M.D.Pa. Mar.20, 2006) (citing Sandin, 515 at 484, 115 S.Ct. at 2300); Almahdi v. Bourque, 386 F. App'x 260 (3d Cir.2010) (temporary loss of telephone privileges); Perry v. Lackawanna Cnty. Children & Youth Serv., 345 F. App'x 723, 726–27 (3d Cir.2009) (temporary loss of visitation). Accordingly, the outcome of the disciplinary hearings, which did not affect Jones' good time credits, and thus they have no impact on the fact or length of his sentence or confinement, cannot be challenged under §2241. See Leamer, 288 F.3d at 540–42; see also Castillo v. FBOP FCI Fort Dix, 221 F. App'x 172 (3d Cir.2007).

### C.   Challenge to SMU Confinement

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer, 288 F.3d 532, 540.

Moreover, in Levi v. Ebbert, 353 Fed. Appx. 681, 682 (3d Cir.2009), the United States Court of Appeals for the Third Circuit concisely stated that claims concerning the determination of a federal prisoner's custody level "do

9

not lie at the 'core of habeas' and, therefore are not cognizable in a §2241 petition." The Court of Appeals observed that habeas corpus review should not be undertaken because the custody classification claims asserted did not challenge the fact or length of the prisoner's confinement. See id. Levi also correctly noted that prisoners simply "have no constitutional right to a particular classification." Id. See also Schwarz v. Meinberg, 2011 WL 2470122 *2 (C.D. Ca. May 31, 2011) (custody classification claims by federal inmate not cognizable on habeas review).

In the instant case, Petitioner's challenges to his continued placement in the SMU are not challenges to the fact or duration of his confinement. Additionally, this placement does not affect the length of his sentence. Significantly, release from the SMU would not shorten the length of his current sentence and incarceration in prison. Thus, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather must be pursued through the filing of a Bivens[1] action. See Bedenfield v. Lewisburg, 393 Fed. Appx. 32 (3d Cir. 2010) ("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

habeas petition"); Green v. Bledsoe, 2010 WL 1372409, at *2 (M.D. Pa. April 5, 2010)(dismissing petitioner's §2241 habeas petition challenging SMU placement as not cognizable under §2241); Woodruff v. Williamson, Civ. No. 3:06–CV–2310, 2009 WL 703200, at *5 (M.D. Pa. Mar.12, 2009) (same). Accordingly, the claims in the instant petition are not appropriate under a §2241 petition and will be dismissed.

Furthermore, Jones fails to set forth any basis to support a procedural due process violation resulting from his redesignation into the SMU program. An inmate's placement into the SMU without procedural due process does not state a Constitutional claim. See Meekins v. Beard, Civ. No. 3:CV-06-0290, 2007 WL 675358, slip op. at *3 (M.D. Pa. 2007) (Kosik, J.) (finding that SMU placement does not implicate due process rights). Moreover, the appropriate review hearing was performed prior to Jones' redesignation and, as such, there is no basis to support any challenge to his transfer to the SMU.

### III. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition

of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, ——U.S. ——, ——, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

### IV.　Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

　　　　　　　　　　　　　　　　s/ *Malachy E. Mannion*
　　　　　　　　　　　　　　　　**MALACHY E. MANNION**
　　　　　　　　　　　　　　　　**United States District Judge**

**DATE: July 7, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-3105-01.wpd