**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

PATRICK JONES,                      :

           Petitioner       :

                              CIVIL ACTION NO. 3:13-3105

           v.                :

                            (Judge Mannion)

WARDEN J.E. THOMAS            :

          Respondent       :

## <u>MEMORANDUM</u>

Petitioner, Patrick Jones, an inmate currently confined in the United States Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He challenges his conviction and sentence, two incident reports and his subsequent placement in the Special Management Unit ("SMU") at USP-Lewisburg. Id. For relief, Petitioner seeks to have the incident reports expunged, his conviction and sentence vacated, to be immediately transferred out of the SMU and released from prison. Id.

By Memorandum and Order dated July 7, 2014, the Court dismissed Petitioner's habeas corpus petition. (See Docs. 14, 15). Presently before the Court is Petitioner's motion for reconsideration of this Court's July 7, 2014 Memorandum and Order. (Doc. 16). Also before the Court is Petitioner's

motion to amend his motion for reconsideration, in which he seeks to raise an additional ground for reconsideration. (Doc. 19).

For the reasons set forth below, Petitioner's motion to amend his motion for reconsideration will be **GRANTED**, and his motion for reconsideration will be **DENIED**.


## Discussion

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir.

1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of the Court's July 7, 2014, Memorandum and Order reveals that Petitioner's claims regarding his sentence and conviction were dismissed for lack of jurisdiction, as Petitioner failed to meet the limited exception recognized in In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), and

because there was no indication that Petitioner had requested permission from the United States District Court of Appeals for the Fifth Circuit for leave to file a successive petition, a possible avenue of relief still available to Petitioner. (See Doc. 14). Jones' challenges to the outcome of the disciplinary hearings, which did not affect Jones' good time credits, were, likewise, dismissed for lack of jurisdiction, as the outcome of the hearings had no impact on the fact or length of Jones' sentence or confinement, and could not be challenged under §2241. Id. Finally, Petitioner's challenges to his continued placement in the SMU, which, are not challenges to the fact or duration of his confinement, were also dismissed as claims not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather must be pursued through the filing of a Bivens[1] action. Id.

Petitioner argues in his motion for reconsideration that this Court's Court's July 7, 2014, Memorandum and Order should be reconsidered on all three grounds: an intervening change in controlling law, newly discovered evidence, and clear error of law or fact. (Doc. 16). The Court, however, finds Petitioner's arguments meritless.

Petitioner initially argues that the Supreme Court's decision in

---

[1]Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

McQuiggan v Perkins, ___ U.S. ___, 133 S. Ct. 1924 (2013), was an intervening change in the controlling law regarding whether Petitioner's "actual innocence" claim meets the gateway exception to the AEDPA. (Doc. 16 at 5). In McQuiggan, the Supreme Court found that a habeas petitioner can overcome the expiration of the AEDPA statute of limitations set forth in 28 U.S.C. §2244(d)(1) by making a convincing showing of actual innocence. Id. McQuiggan, however, is inapplicable to the instant matter as the statute of limitations is not at issue, and did not affect the basis upon which Jones' §2241 petition was denied.

Petitioner next argues that "the Court made an error of apprehension/fact and patently misunderstood Petitioner thereby causing a need to correct this clear error." (Doc. 16 at 6). Specifically, Petitioner believes that this Court's description of his claim of actual innocence as a challenge to his "conviction" is in error because "there was no final conviction...because there was no trial nor jury finding of guilt for the offense and no conviction, thereby not meeting the requirements to make up a 'judgement of conviction' to even become final" and "since there was no conviction at all, yet a sentence was rendered, a petition for writ of habeas corpus under § 2241 is the only remedy that is available to Petitioner in this

situation." Id. at 11.[2] Petitioner attempts to bolster this argument in his amendment to his motion for reconsideration, by stating that he was convicted and sentenced "without being indicted, without a trial being had/made and without a jury finding of guilt in violation of the Fifth and/or Sixth Amendments of the U.S. Constitution; thereby making the above entitled instant habeas petition a pre-trial or pre-conviction habeas petition." (Doc. 19-1 at 2).

Petitioner's conclusory statements, not only fail to raise a clear error of law, they also fail to offer any support for a clear error of fact. Petitioner's arguments were previously raised in his petition for writ of habeas corpus and rejected by this Court, as they can only be entertained by the sentencing court. Thus, the Court finds Petitioner's arguments a reiteration of a previously presented arguments.

Finally, Petitioner argues that "the Court made a clear error of law in its analysis/determination of the due process SMU challenge claim", in that the "Court found that challenges to the SMU are not appropriate under a § 2241 petition", and that Petitioner "may challenge the execution of his sentence under a §2241 habeas petition." (Doc. 16 at 12-14).

---

[2]Petitioner's statement appears to refer to the sentencing enhancement he received related to the amount of crack cocaine involved.

Once again, the Court finds Petitioner's argument to be nothing more than an attempt to re-litigate the matters already considered and disposed of by this Court. Petitioner presents no evidence that this Court misunderstood or misinterpreted the law as it applies to his situation. In fact, the Court finds that Petitioner misinterprets federal habeas corpus law. Significantly, "the 'core of habeas' [is] the validity of the continued conviction or the fact or length of the sentence." Learner v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Petitioner's claim, however, relates to the validity of his confinement in the SMU, not to his conviction, and to the duration of length of his placement in the SMU, not to his sentence. This challenge "is to a condition of confinement" and any ruling in Petitioner's favor regarding the lawfulness of his continued placement in the SMU "would not alter his sentence or undo his conviction", consequently, his claim is not properly brought under habeas. See id. at p. 544.

This Court and the Third Circuit Court of Appeals have considered similar challenges to a prisoner's placement in the SMU at USP Lewisburg and have repeatedly held that such claims are not cognizable under habeas corpus. See Brown v. Bledsoe, 405 Fed. Appx. 575, 576–77 (3d Cir. 2011) (finding no error in the District Court's decision to dismiss Brown's section

2241 petition challenging his transfer to the SMU at USP Lewisburg because he "did not challenge the fact or the duration of his confinement" or show that his transfer "was anything other than a 'garden variety prison transfer'");

Murray v. Bledsoe, 386 Fed. Appx. 139, 140 (3d Cir.2010) (affirming the District Court's order dismissing the habeas petition because "Murray's complaint regarding cell confinement [in the SMU at USP Lewisburg] does not challenge the fact or duration of his imprisonment, nor does it having any bearing on the validity of his conviction). Accordingly, this Court finds that its Order of July 7, 2014, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected that decision. Consequently, the motion for reconsideration will be **DENIED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 20, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-3105-02.wpd